# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RISEDELAWARE INC., KAREN PETERSON, and THOMAS PENOZA, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. N22C-09-526 CLS |
| SECRETARY CLAIRE DEMATTEIS in her official capacity as Secretary of Delaware Department of Human Resources and Co-Chair of the State Employee Benefits Committee, DIRECTOR CERRON CADE in his official capacity as Director of the Delaware Office of Management and Budget and CO-Chair of the State Employee Benefits Committee, DELAWARE DEPARTMENT OF HUMAN RESOURCES, DELAWARE STATE EMPLOYEE BENEFITS COMMITTEE, and DELAWARE DIVISION OF STATEWIDE BENEFITS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: December 2, 2022
Date Decided:  February 8, 2023

*Upon Plaintiffs' Petition for Attorneys' Fees*. **DENIED.**

# **ORDER**

David A. Felice, Esquire, Bailey & Glasser, LLP, Wilmington, Delaware, 19808, Attorney for Plaintiffs.


Steve Cohen, Esquire, and Sara Haviva Mark, Esquire, Bailey & Glasser, LLP, New York, New York, 10006, Attorneys for Plaintiffs.


Jacob S. Gardener, Esquire, Walden Macht & Haran LLP, New York, New York, 10281, Attorney for Plaintiffs


Patricia A. Davis, Esquire, Adria Martinelli, Esquire, and Jennifer Singh, Esquire, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for Defendants.


**SCOTT, J.**

This 8th day of February 2023, upon consideration of Plaintiffs RiseDelaware, Inc., Karen Peterson, and Thomas Penoza's ("Plaintiffs") Petition for Attorneys' Fees, Defendants'[1] Answering Brief in Opposition, Plaintiffs' Reply, and the record in this case, it appears to the Court that:

1. Plaintiffs filed a Complaint asking for Declaratory Judgment, as well as this Motion to Stay on September 29, 2022 the policy decision of the State Employee Benefits Committee's ("SEBC") decision to require all State retirees holding Medicare Supplemental Health Plans to switch to Medicare Advantage. Plaintiffs and Defendants agreed to a briefing schedule and oral argument date.

2. On October 19, 2022, after hearing oral argument and reviewing the parties' briefs, this Court issued an opinion on Plaintiffs' Motion to Stay. The Court granted the stay and found Plaintiffs showed that the issues before the Court were substantial and that Plaintiffs would likely suffer irreparable harm if the stay was not granted. Accordingly, the Court found that after balancing the

---

[1] Secretary Claire DeMatteis, in her official capacity as Secretary of Delaware Department of Human Resources and Co-Chair of the State Employee Benefits Committee, Director Cerron Cade, in his official capacity as Director of the Delaware Office of Management and Budget and Co-Chair of the State Employee Benefits Committee, Delaware Department of Human Recourses, Delaware State Employee Benefits Committee, and Delaware Division of Statewide Benefits.

required factors, Plaintiffs' Motion for Stay of the Requirement All State Retirees Holding Medicare Supplemental Health Plans to Use Medicare Advantage was granted. Further, this Court concluded that Defendants' implementation of a Medicare Advantage Plan for State retirees and acceptance of enrollment into the Plan, including by way of automatic enrollment in the open enrollment period currently in effect for State retirees is stayed until further Order by this Court. Additionally, a final trial on the merits was scheduled for November 28, 2022 so the Court could make a final determination of facts.

3. On November 7, 2022, the State made the decision to extend the current Medicare Supplemental Health Plan for a year. The parties represented to this Court that the trial, scheduled for November 28, 2022, at 2:00 P.M. was not necessary. As a result, no trial was held on the assigned trial date.

4. Since representing to this Court no trial was necessary, Plaintiffs and Defendants have filed excessive motions[2], resulting in, asking the Court to make a factual determination, which should have been addressed at Trial.

---

[2] Plaintiffs' Motion to Amend and Supplement their Complaint, Defendants' Motion for Summary Judgment, Plaintiffs' Motion for Partial Summary Judgment on their Communications Claim, as well as a Stipulation for Entry of Final Judgment.

5. As a Trial Court, the expectation is that the Court will hear testimony from witnesses, judge their credibility, and examine exhibits to reach its Final Decision.

6. This Court is asked to decide Plaintiffs' Petition for Attorneys' Fees even though there has been no trial.

7. Plaintiffs argue they are entitled to Attorneys' Fees because the Court's October 19, 2022 Opinion "made important findings of fact about the SEBC's adoption and Defendants' communications of Medicare Advantage for State retirees that were adopted by stipulation for the Final Order." The Court did not make any findings of fact and importantly points Plaintiffs to the last conclusion of its order; it reads "A final trial on the merits, subject to the availability of the Court and the parties, will be scheduled as soon as possible, where the Court will make a final determination of facts."

8. The Parties did not find trial necessary, therefore no final determination of facts occurred under these circumstances.

9. Under the American Rule and Delaware law, litigants are normally responsible for paying their own litigation costs.[3] However, Plaintiffs argue they are entitled to attorneys' fees for two reasons: (1) for Defendants

---

[3] *Chrysler Corp. v. Dann*, 223 A.2d 384, 386 (Del.1966) ("a litigant must, himself, defray the cost of being represented by counsel.").

"violation of open meeting laws" allowing Plaintiffs to utilize the fee shifting statute in Title 29, Chapter 100 and (2) because equitable principles can be applied "because the Court granted relief equitable in nature" allowing the Court to award attorneys' fees even if no contract or statute requires it. Both arguments fail.

10. First, this Court is not permitted to award attorneys' fees under Title 29 because enforcement of violations of open meeting laws is given to the Court of Chancery,[4] as such this Court may not award attorney fees and costs.

11. The Court agrees it does hear cases which occasionally require the Court to apply equitable principles and if such occasion is presented then the Court does have jurisdiction to award attorneys' fees even if no contract or statute requires it.[5] Examples of such instances include upholding award of attorneys' fees in a Superior Court action involving a mortgage foreclosure, which is inherently equitable,[6] and sought relief equivalent to an injunction, which is sufficiently equitable in nature.[7] The Plaintiffs in this case originally sought a declaratory judgment, which is not inherently equitable. Therefore, this Court

---

[4] See 29 *Del. C.* § 10005.

[5] *Dover Hist. Soc., Inc. v. City of Dover Plan. Comm'n*, 902 A.2d 1084, 1090 (Del. 2006).

[6] *Burge v. Fidelity Bond & Mortgage Co.*, 648 A.2d 414, 421–22 (Del.1994)

[7] *Dover Hist. Soc., Inc.*, 902 A.2d at 1090.

does not exercise its jurisdiction to award attorneys' fees. Each party should bear their own costs and fees.

12. For the aforementioned reasons, the Plaintiffs' Petition for Attorneys' Fees is **DENIED.**

No further order of this Court is needed to close this case.

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**
